IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TRIANGLE CAYMAN ASSET
COMPANY, LLC

Plaintiff

vs

CIVIL 17-1216CCC

JUAN JOSE PERAZA MORA,
GLORIA ESTHER BATISTA
MOLINA, and the legal conjugal
partnership between them

Defendants

## OPINION AND ORDER

This is an action *in rem* to foreclose mortgages and other collateral filed by plaintiff Triangle Cayman Asset Company, LLC ("Triangle") against defendants Juan José Peraza Mora and Gloria Esther Batista Molina, and the legal conjugal partnership between them. Before the Court now are the Motion for Summary Judgment and Memorandum of Law in Support Thereof filed by Triangle on August 22, 2018 (**d.e. 38**) and defendants' Opposition (d.e. 49) filed on October 21, 2018.

The following are undisputed facts, established by plaintiff's Statement of Uncontested Facts in Support of Motion for Summary Judgment (**d.e. 37**) filed on August 22, 2018, the submission of which is GRANTED, the documents filed in support (d.e. 37-2 through d.e. 37-26; d.e. 42-1 through d.e. 42-11), and the record of this action.

On December 11, 2007, defendants executed a loan agreement ("Loan Agreement I") with Eurobank (predecessor in interest to Triangle), authenticated under affidavit number 11,358 of Notary Public Ismael Pérez

Nieves. Pursuant to the terms of Loan Agreement I, Peraza and Batista received a loan in the amount of $610,000.00. This loan is further evidenced by a promissory note in the amount of $610,000.00 issued by Peraza and Batista, payable to Eurobank, or its order, authenticated by affidavit number 11,353 of the same Notary Public and on the same date, and duly endorsed to Triangle ("Promissory Note I").

On March 15, 2010, Peraza and Batista executed another loan agreement ("Loan Agreement II") with Eurobank, authenticated under affidavit number 28,638 of Notary Public Nelson González Rosario. Pursuant to the terms of Loan Agreement II, Peraza and Batista received a loan in the amount of $2,283,000.00. This loan is further evidenced by a promissory note in the amount of $2,283,000.00 issued by Peraza and Batista, payable to Eurobank, or its order, authenticated by affidavit number 28,639 of Notary Public Nelson González Rosario, and duly endorsed to Triangle ("Promissory Note II").

To secure the obligations under the aforementioned Loan Agreements, defendants cross-collateralized a number of mortgage notes securing mortgages over the two properties (collectively, the "Real State Collateral and Mortgage Notes"), to wit, Real Property 4,782 ("Property I"), recorded at the Registry of the Property of Puerto Rico, Section II of Arecibo, page 13 of volume 109 of Hatillo, and Real Property 4,229 ("Property II"), recorded at the Registry of the Property of Puerto Rico, Section II of Arecibo, page 100, volume 86 of Hatillo.

Property I is described as:

RUSTIC:-Located in the Corcobadas Ward of Hatillo, Puerto Rico, with a surface area of ONE HUNDRED FIFTY-SEVEN

THOUSAND FIVE HUNDRED EIGHTY SEVEN POINT SIX THOUSAND SIX HUNDRED SEVENTY-THREE (157,587.6673) SQUARE METERS, bordering on the NORTH, with remnant of the property; on the SOUTH, with Federico Ruiz and Jerónimo Valentin; on the EAST, with segregated lots number one (1), number two (2), number three (3), and number four (4); and on the WEST, with Alberto Pérez, Tomas García Casanova, and Francisco Ruiz. It contains a concrete house. It is the remnant after deducting the segregations of which this property has been the object.

Property I is encumbered by the following mortgages:

Deed of Mortgage No. 301 executed by defendants on November 8, 1996 before Notary Public Juan E. Nieves Mora, in the principal amount of $716,000.00, constituted over Properties I and II, of which Property I is liable for $580,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 224 of volume 163 of Hatillo. This mortgage is evidenced by a mortgage note (hereinafter "Mortgage Note I") payable to the bearer, or to its order, in the principal amount of $716,000.00, due on demand, bearing interest at 8.25% per annum, authenticated under affidavit number 19,025 of Notary Public Juan E. Nieves Mora on November 8, 1996, and duly endorsed to Triangle.

Deed of Mortgage No. 51 (hereinafter, "Deed of Mortgage II") executed by defendants on May 6, 1999 before Notary Public José L. Landrón Mamery, in the principal amount of $194,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 115 of volume 315 of Hatillo. This mortgage is evidenced by a mortgage note (hereinafter, "Mortgage Note II") payable to the bearer, or to its order, in the principal amount of $194,000.00, due on demand, bearing interest at the Prime Rate per annum, authenticated under affidavit number 20,174 of Notary Public José L. Landrón Mamery on May 6, 1999, and duly endorsed to Triangle.

Deed of Mortgage No. 78 (hereinafter, "Deed of Mortgage III") executed by defendants on August 28, 2002 before Notary Public Ismael Pérez Nieves, in the principal amount of $300,000.00, constituted over Properties I and II, of which Property I is liable for $200,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 116 of volume 315 of Hatillo. This mortgage is evidenced by a mortgage note (hereinafter "Mortgage Note III") payable to the Lender, or to its order, in the principal amount of $300,000.00, due on demand, bearing interest at the Prime Rate per annum, authenticated under affidavit

number 4,244 of Notary Public Ismael Pérez Nieves on August 28, 2002, and duly endorsed to Triangle.

Deed of Mortgage No. 105 (hereinafter "Deed of Mortgage IV") executed by Juan Jose Peraza Mora and his wife Gloria E. Batista Molina on September 23, 2004 before Notary Public Ismael Perez Nieves, in the principal amount $169,000.00, constituted over Properties I and II, of which Property I is liable for $119,000.00, presented at the Registry of the Property of Puerto Rico, Section II of Arecibo, on January 10, 2004, Daily Book 296, entry 757. This mortgage is evidenced by a mortgage note (hereinafter, "Mortgage Note IV") payable to the lender, or to its order, in the principal amount of $169,000.00, due on demand, bearing interest at the Prime Rate per annum, authenticated under affidavit number 6,823 of Notary public Ismael Perez Nieves on September 23, 2004, and duly endorsed to Triangle.

Deed of Mortgage No. 11 (hereinafter, "Deed of Mortgage V") executed by Juan Jose Peraza Mora and his wife Gloria E. Batista Molina on March 15, 2010 before Notary Public Nelson Gonzalez Rosario, in the principal amount $149,000.00, constituted over Property I, presented at the Registry of the Property of Puerto Rico, Section II of Arecibo, on April 30, 2010, Daily Book 315, entry 401. This mortgage is evidenced by a mortgage note (hereinafter "Mortgage Note V") payable to the Lender, or to its order, in the principal amount of $149,000.00, due on demand, bearing interest at 12% per annum, authenticated under affidavit number 28,640 of Notary Public Nelson Gonzalez Rosario on March 15, 2010, and duly endorsed to Triangle.

Property II is described as:

RUSTIC: Located in the Carrizales Ward of Hatillo, Puerto Rico, consisting of fourteen (14.00) acres, equivalent to five hectres, one hundred fifty acres, and twenty centiacres. Bordering on the NORTH, with Carmelo Antonio García González; on the SOUTH, with Luis Jaime García González; on the EAST, with Alejandro Plasencia and on the WEST, with local road and on the other side with Salomon Hawayet.

Property II is encumbered by the following mortgages:

Deed of Mortgage I constituted over Properties I and II, of which Property II is liable for $136,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 263 of volume 175 of Hatillo. This mortgage is evidenced by Mortgage Note I.

    Deed of Mortgage No. 52 (hereinafter, "Deed of Mortgage VI") executed by defendants on May 6, 1999 before Notary public José L. Landrón Mamery, in the principal amount of $66,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 264 of volume 175 of Hatillo. This mortgage is evidenced by a Mortgage Note (hereinafter, "Mortgage Note VI") payable to the Bearer, or to its order, in the principal amount of $66,000.00, due on demand, bearing interest at the Prime Rate per annum, authenticated under affidavit number 20,175 of Notary Public José L. Landrón Mamery on May 6, 1999, and duly endorsed to Triangle.

    Deed of Mortgage III constituted over Properties I and II, of which Property II is liable for $100,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 25 of volume 391 of Hatillo. This mortgage is evidenced by Mortgage Note III.

    Deed of Mortgage IV constituted over Properties I and II, of which Property II is liable for $50,000.00. See Exhibit 13. This mortgage is evidenced by Mortgage Note IV.

In addition to the aforementioned deeds and mortgage notes, as part of the collateral of the Loan Agreements, defendants executed a Security Agreement dated August 28, 2002 with Eurobank, authenticated under affidavit number 4,246 of Notary Public Ismael Pérez Nieves, pursuant to which they created a security interest in favor of Eurobank over a milk production quota in the amount of 8,975 quarts of milk for every 14 days, valued at $175,000.00 ("Security Agreement I"); a Security Agreement dated September 23, 2004, authenticated under affidavit number 6,824 of Notary Public Ismael Pérez Nieves, pursuant to which they created a security interest in favor of Eurobank over a milk production quota in the amount of 57,257 quarts of milk for every 14 days, valued at $1,145,140.00 ("Security Agreement II"); and an Assignment of Receivables Agreement ("Assignment of Receivables") with Eurobank, authenticated under affidavit number 11,354 of Notary Public Ismael Pérez

Nieves, on December 11, 2007, pursuant to which the defendants assigned in favor of Eurobank receivables in the amount of $21,900 per month due by Vaquería Tres Monjitas, Inc. from the monthly purchase of milk. These were duly certified and notified to the Office of Regulation of the Dairy Industry.

The Office of the Commissioner of Financial Institutions closed the operations of Eurobank and named the Federal Deposit Insurance Corporation ("FDIC") as receiver on April 30, 2010. On that same date, Oriental Bank ("Oriental") executed an agreement with the FDIC through which it acquired certain assets of Eurobank, including, among others, the credit relationships between Eurobank and defendants. On September 28, 2015, Oriental entered into an Assignment and Assumption Agreement with Triangle, whereby Oriental transferred to Triangle Eurobank's credit relationship with defendants.

Triangle is the current owner and holder of the aforementioned mortgage notes. Defendants defaulted on the repayment obligations to Triangle. As of January 31, 2017, defendants owe the total amount of $2,932,297.95 to Triangle, which is composed of $2,366,545.00 in principal, $539,704.88 in accrued interests, plus the amount of $365.44 per diem for interest; $26,048.07 of late fees; and any additional amount incurred in costs and fees under the Loan Agreements for each day from January 31, 2017 through the date of the indefeasible payment in full of all amounts due under the Loan Agreements (the "Obligations"). To date, defendants have failed to cure the existing and continuing defaults detailed above and as of May 15, 2018, Defendants owe the total amount of $3,184,546.98 to Triangle under the Loan Agreements.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when ". . . [t]he pleadings, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The procedure authorized by Rule 56 "is a method for promptly disposing of actions in which there is no genuine issue as to any material fact as in which only a question of law is involved." 10 Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d, Sec. 2712 at p. 563. In order to grant summary judgment, the trial court must determine if there are any "material" factual issues which are identified depending on the substantive law that should be resolved and also, whether such issues are also "genuine." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2510 (1986). The function of the summary judgment is "to pierce the boilerplate of the pleadings and examine the parties' proof to determine whether a trial is actually necessary." Vega-Rodriguez v. Puerto Rico Telephone Co., 110 F.3d 174, 178 (1st Cir. 1997).

In light of the established uncontested facts and for the reasons discussed below, Triangle is entitled to the entry of summary judgment pursuant to Fed. R. Civ. P. 56. This is so because defendants are indebted to Triangle for the loans granted on December 11, 2007 and March 15, 2010, which are past due and payable. Defendants herein have breached the repayment obligations with Triangle. Accordingly, the Motion for Summary Judgment and Memorandum of Law in Support Thereof filed by Triangle on August 22, 2018 (**d.e. 38**) is GRANTED.

Triangle is entitled to judgment as a matter of law against the owners of the encumbered property, i.e. defendants, in the amount of $441,592.87 as to Loan Agreement I, comprised of $373,321.88 in principal, $64,754,25 in interest, $3,516.74 in late fees, and a *per diem* of $33.24, and $2,742,954.11 as to Loan Agreement II, comprised of $1,993,223.12 in principal, $646,344.26 in interests, $30,854.23 in late fees, $71,600.00 in legal expenses, $941.50 in valuation expenses, and a *per diem* of $332.20. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on March 6, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge