IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TRIANGLE CAYMAN ASSET COMPANY, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**JUAN JOSE PERAZA MORA, GLORIA ESTHER BATISTA MOLINA, AND THE LEGAL CONJUGAL PARTNERSHIP BETWEEN THEM,**<br><br>Defendants. | Civil No. 17-1216<br><br>Re:<br><br>*IN REM ACTION TO FORECLOSE MORTGAGES AND OTHER COLLATERAL* |

## MOTION REQUESTING ACCESS TO PROPERTIES

**TO THE HONORABLE COURT**:

**COMES NOW**, Plaintiff **Triangle Cayman Asset Company, LLC** ("Triangle" and/or "Plaintiff") through the undersigned attorney, and respectfully states and prays as follows:

1. On February 2, 2025, Plaintiff filed an *in rem* complaint for the foreclosure of mortgage and other collateral ("Complaint") against José Peraza Mora ("Peraza"), Gloria Esther Batista Molina ("Batista"), and the Conjugal Legal Partnership formed between them ("CLP Peraza-Batista") (hereinafter collectively referred to as "Defendants"). (See **Docket No. 1**).

2. On August 22, 2018, Plaintiff filed a Motion for Summary Judgment and Memorandum of Law in Support Thereof. (See **Docket No. 38**).

3. As described in the Complaint and Plaintiff's Motion for Summary Judgment and Memorandum of Law in Support Thereof ("Motion for Summary Judgment") on December 11, 2007, Peraza and Batista executed a loan agreement ("Loan Agreement I") with Eurobank, authenticated under affidavit number 11,358 of Notary Public Ismael Perez Nieves. See, Exhibit 1 at 8-19. Pursuant to the terms of Loan Agreement I, Peraza and Batista received a loan in the

Case 3:17-cv-01216-MAJ    Document 63    Filed 09/25/25    Page 2 of 6

**Motion Requesting Access to Properties**
Triangle Cayman Asset Company, LLC v. José Juan Peraza Mora, Gloria Esther Batista Molina, et al.
Civil No. 17-1216 (CCC)
Page 2 of 6

amount of $610,000.00. This loan is further evidenced by a promissory note in the amount of $610,000.00 issued by Peraza and Batista, payable to Eurobank, or its order, authenticated by affidavit number 11,353 of the same Notary Public and on the same date, and duly endorsed to Triangle ("Promissory Note I").

4. On March 15, 2010, Peraza and Batista executed another loan agreement ("Loan Agreement II") with Eurobank, authenticated under affidavit number 28,638 of Notary Public Nelson Gonzalez Rosario. Pursuant to the terms of Loan Agreement II, Peraza and Batista received a loan in the amount of $2,283,000.00. This loan is further evidenced by a promissory note in the amount of $2,283,000.00 issued by Peraza and Batista, payable to Eurobank, or its order, authenticated by affidavit number 28,639 of Notary Public Nelson Gonzalez Rosario, and duly endorsed to Triangle ("Promissory Note II").

5. As guaranty for payment of the amounts owed under the Loan Agreements and Promissory Notes, Peraza and Batista cross-collateralized a number of mortgage notes securing mortgages over two properties, Real Property 4,782 ("Property I"), recorded at the Registry of the Property of Puerto Rico, Section II of Arecibo, page 13 of volume 109 of Hatillo, and Real Property 4,229 ("Property II"), recorded at the Registry of the Property of Puerto Rico, Section II of Arecibo, page 100 of volume 86 of Hatillo (collectively, "the Properties").

6. Property I is described as follows:

"**RUSTIC**:- Located in the Corcobadas Ward of Hatillo, Puerto Rico, with a surface area of ONE HUNDRED FIFTY-SEVEN THOUSAND FIVE HUNDRED EIGHTY SEVEN POINT SIX THOUSAND SIX HUNDRED SEVENTY-THREE (157,587.6673) SQUARE METERS, bordering on the NORTH, with remnant of the property; on the SOUTH, with Federico Ruiz and Jerónimo Valentin; on the EAST, with segregated lots number one (1), number two (2), number three (3), and number four (4); and on the WEST, with Alberto Pérez, Tomás García Casanova, and Francisco Ruiz. It contains a concrete house. It contains the remnant after deducting the segregations of which this property has

Case 3:17-cv-01216-MAJ    Document 63    Filed 09/25/25    Page 3 of 6

**Motion Requesting Access to Properties**
Triangle Cayman Asset Company, LLC v. José Juan Peraza Mora, Gloria Esther Batista Molina, et al.
Civil No. 17-1216 (CCC)
Page 3 of 6

been the object."

Address: PR 493 1.5 Int Corcovado Ward, Hatillo PR

7. Moreover, Property I is encumbered by the following mortgages:

   a. Deed of Mortgage No. 301 (hereinafter, "Deed of Mortgage I") executed by Juan José Peraza Mora and his wife Gloria E. Batista Molina on November 8, 1996 before Notary Public Juan E. Nieves Mora, in the principal amount of $716,000.00, constituted over Properties I and II, of which Property I is liable for $580,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 224 of volume 163 of Hatillo. This mortgage is evidenced by a mortgage note (hereinafter "Mortgage Note I") payable to the bearer, or to its order, in the principal amount of $716,000.00, due on demand, bearing interest at 8.25% per annum, authenticated under affidavit number 19,025 of Notary Public Juan E. Nieves Mora on November 8, 1996, and duly endorsed to Triangle.

   b. Deed of Mortgage No. 51 (hereinafter, "Deed of Mortgage II") executed by Juan Jose Peraza Mora and his wife Gloria E. Batista Molina on May 6, 1999 before Notary Public José L. Landrón Mamery, in the principal amount of $194,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 115 of volume 315 of Hatillo. mortgage is evidenced by a mortgage note (hereinafter, "Mortgage Note II") payable to the bearer, or to its order, in the principal amount of $194,000.00, due on demand, bearing interest at the Prime Rate per annum, authenticated under affidavit number 20,174 of Notary Public José L. Landrón Ramery on May 6, 1999, and duly endorsed to Triangle.

   c. Deed of Mortgage No. 78 (hereinafter, "Deed of Mortgage III") executed by Juan Jose Peraza Mora and his wife Gloria E. Batista Molina on August 28, 2002 before Notary Public Ismael Perez Nieves, in the principal amount of $300,000.00, constituted over Properties I and II, of which Property I is liable for $200,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 116 of volume 315 of Hatillo. This mortgage is evidenced by a mortgage note (hereinafter "Mortgage Note III") payable to the Lender, or to its order, in the principal amount of $300,000.00, due on demand, bearing interest at the Prime Rate per annum, authenticated under affidavit number 4,244 of Notary Public Ismael Pérez Nieves on August 28, 2002, and duly endorsed to Triangle.

   d. Deed of Mortgage No. 105 ("Deed of Mortgage IV") executed by Juan Jose Peraza Mora and his wife Gloria E. Batista Molina on September 23, 2004 before Notary Public Ismael Perez Nieves, in the principal amount $169,000.00, constituted over Properties I and II, of which Property I is liable for $119,000.00, presented at the Registry of the Property of Puerto Rico, Section II of Arecibo, on January 10, 2004, Daily Book 296, entry 757. This mortgage is evidenced by a mortgage note

Case 3:17-cv-01216-MAJ    Document 63    Filed 09/25/25    Page 4 of 6

**Motion Requesting Access to Properties**
Triangle Cayman Asset Company, LLC v. José Juan Peraza Mora, Gloria Esther Batista Molina, et al.
Civil No. 17-1216 (CCC)
Page 4 of 6

(hereinafter, "Mortgage Note IV") payable to the lender, or to its order, in the principal amount of $169,000.00, due on demand, bearing interest at the Prime Rate per annum, authenticated under affidavit number 6,823 of Notary public Ismael Perez Nieves on September 23, 2004, and duly endorsed to Triangle.

e. Deed of Mortgage No. 11 (hereinafter, "Deed of Mortgage V") executed by Juan Jose Peraza Mora and his wife Gloria E. Batista Molina on March 15, 2010 before Notary Public Nelson Gonzalez Rosario, in the principal amount $149,000.00, constituted over Property I, presented at the Registry of the Property of Puerto Rico, Section II of Arecibo, on April 30, 2010, Daily Book 315, entry 401. This mortgage is evidenced by a mortgage note (hereinafter "Mortgage Note V") payable to the Lender, or to its order, in the principal amount of $149,000.00, due on demand, bearing interest at 12% per annum, authenticated under affidavit number 28,640 of Notary Public Nelson Gonzalez Rosario on March 15, 2010, and duly endorsed to Triangle.

8. Further, Property II is described as follows:

**"RUSTIC**: Located in the Carrizales Ward of Hatillo, Puerto Rico, consisting of fourteen (14.00) cuerdas, equivalent to five hectres, one hundred fifty ares, and twenty centiares. Bordering on the NORTH, with Carmelo Antonio García González; on the SOUTH, with Luis Jaime García González; on the EAST, with Alejandro Plasencia and on the WEST, with local road and on the other side with Salomon Hawayet".

Address: PR 493 1.5 Carrizalez Ward Palma Hatillo PR

9. Property II is encumbered by the following mortgages:

a. Deed of Mortgage I constituted over Properties I and II, of which Property II is liable for $136,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 263 of volume 175 of Hatillo. This mortgage is evidenced by Mortgage Note I.

b. Deed of Mortgage No. 52 (hereinafter, "Deed of Mortgage VI") executed by Juan Jose Peraza Mora and his wife Gloria E. Batista Molina on May 6, 1999 before Notary public José L. Landrón Mamery, in the principal amount of $66,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 264 of volume 175 of Hatillo. This mortgage is evidenced by a Mortgage Note (hereinafter, "Mortgage Note VI") payable to the Bearer, or to its order, in the principal amount of $66,000.00, due on demand, bearing interest at the Prime Rate per annum, authenticated under affidavit number 20,175 of Notary Public José L. Landrón Ramery on May 6, 1999, and duly endorsed to Triangle.

Case 3:17-cv-01216-MAJ   Document 63   Filed 09/25/25   Page 5 of 6

**Motion Requesting Access to Properties**
Triangle Cayman Asset Company, LLC v. José Juan Peraza Mora, Gloria Esther Batista Molina, et al.
Civil No. 17-1216 (CCC)
Page 5 of 6

    c. Deed of Mortgage III constituted over Properties I and II, of which Property II is liable for $100,000.00, recorded in the Registry of the Property of Puerto Rico, Section II of Arecibo, at page 25 of volume 391 of Hatillo. This mortgage is evidenced by Mortgage Note III.

    d. Deed of Mortgage IV constituted over Properties I and II, of which Property II is liable for $50,000.00. This mortgage is evidenced by Mortgage Note IV.

10. On March 6, 2019, this Honorable Court issued Judgment in favor of Triangle and against Defendants, deeming Plaintiff entitled to judgment as a matter of law in the amount of $441,592.87 as to Loan Agreement I, comprised of $373,321.88 in principal, $64,754,25 in interest, $3,516.74 in late fees, and a per diem of $33.24, and $2,742,954.11 as to Loan Agreement II, comprised of $1,993,223.12 in principal, $646,344.26 in interests, $30,854.23 in late fees, $71,600.00 in legal expenses, $941.50 in valuation expenses, and a per diem of $332.20. (See **Docket No.62**).

11. Furthermore, this Honorable Court granted Triangle's Motion for Summary Judgment, in which Plaintiff respectfully requested that the Honorable Court order the foreclosure and public sale of all the collateral for the payment of the obligations, in the event that Defendants are unable to comply with the Order.

12. Consequently, as a collateral protection measure and to secure satisfaction of the judgment, Triangle is interested in inspecting the Properties.

13. Triangle made extrajudicial efforts with Defendants' legal representation to coordinate the inspection.

14. Hence, in order to safeguard Triangle's interest in the aforementioned Properties, Triangle respectfully requests the Honorable Court's intervention and, in compliance with Rule

Case 3:17-cv-01216-MAJ   Document 63   Filed 09/25/25   Page 6 of 6

**Motion Requesting Access to Properties**
Triangle Cayman Asset Company, LLC v. José Juan Peraza Mora, Gloria Esther Batista Molina, et al.
Civil No. 17-1216 (CCC)
Page 6 of 6

56.1 of Civil Procedure, Laws of P.R. Ann., Tit. 32, Ap. V, R. 56.1[1], enter an order granting authorization to Bautista to access the Properties, so as to perform the corresponding inspections.

**WHEREFORE**, Triangle very respectfully requests this Honorable Court to grant the authorization herein requested so that Triangle can access the Properties and perform the corresponding inspection.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which, on information and belief, will notify all appearing parties that are CM/ECF participants.

In San Juan, Puerto Rico, this 25th day of September, 2025.

**Ferraiuoli LLC**
Attorneys for Bautista
P.O. Box 195168
San Juan, P.R. 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Luis G. Parrilla Hernández*
Luis G. Parrilla Hernández
USDC-PR No. 225805
Email: lparrilla@ferraiuoli.com

---

[1] Pursuant to the Puerto Rico Rule of Civil Procedure 56, Laws of P.R. Ann., Tit. 32, Ap. V, R. 56, this Honorable Court by way of the Federal Rule of Civil Procedure 64, Fed. R. Civ. P. 64 has authority to issue provisional orders. To that end, Rule 64 of the Federal Rules of Civil Procedure provides for courts to use "every remedy available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." See, Fed. R. Civ. P. 64.

Puerto Rico Rule of Civil Procedure 56.1, Laws of P.R. Ann., Tit. 32, Ap. V, R. 56.1 provides in part: "In every action, before or after entering judgment, and on motion of claimant, the court may issue any provisional order it may deem necessary to secure satisfaction of the judgment. The court may order … to do or to desist from doing any specific act, **or it may order any other measure it deems necessary, according to the circumstances of the case**. In every case in which a provisional remedy is sought, the court shall consider the interests of all the parties and shall adjudicate as substantial justice may require.